UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
                                                        :    CONSENT PRELIMINARY ORDER
- v. -                                       OF FORFEITURE/
                                                        :    MONEY JUDGMENT
ELKIN OVIDIO POSADA-HINCAPIE,
    a/k/a "Omar Velez,"                      :    13 Cr. 958 (JMF)
    a/k/a "Cantaleta,"
    a/k/a "Ruperto,"                             :

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 10, 2013, ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," (the "Defendant"), among others, was charged in United States District Court for the Southern District of New York ("SDNY") in a two-count Indictment, 13 Cr. 958 (JMF) (the "SDNY Indictment"), with conspiracy to import into the United States five kilograms and more of cocaine, in violation of Title 21, United States Code, Sections 959(c) and 963 (Count One), and with conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 1956(i)(2) (Count Two);

        WHEREAS, the SDNY Indictment included a forfeiture allegation as Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count One of the SDNY Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of offense charged in Count One of the SDNY Indictment;

        WHEREAS, the SDNY Indictment also included a forfeiture allegation as to Count Two of the SDNY Indictment, seeking forfeiture to the United States, pursuant to Title 18, United

States Code, Section 982(a)(1), of any property, real and personal, involved in the offense charged in Count Two of the Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the property that was involved in the offense charged in Count One of the SDNY Indictment;

WHEREAS, on or about February 14, 2018, the Defendant was also charged in United States District Court for the District of Columbia in a one-count Indictment, 18 Cr. 27 (CKK) (the "DDC Indictment"), with conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h) (Count One);

WHEREAS, the DDC Indictment included a forfeiture allegation as to Count One of the DDC Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of all property involved in the offense charged in Count One of the DDC Indictment;

WHEREAS, the DDC Indictment was subsequently transferred to SDNY and consolidated before this Court;

WHEREAS, on or about November 30, 2021, the Defendant pled guilty to Counts One and Two of the SDNY Indictment and to Count One of the DDC Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the SDNY Indictment and to Count One of the DDC Indictment and agreed to forfeit to the United States(i) pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the narcotics offense charged in Count One of the SDNY Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the narcotics offense charged in Count One of the SDNY

Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the SDNY Indictment; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money in United States currency representing all property involved in the offenses charged in Count Two of the SDNY Indictment and Count One of the DDC Indictment and all property traceable to such property, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property constituting or derived from the proceeds traceable to the offenses charged in Count Two of the SDNY Indictment and Count One of the DCC Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $130,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the SDNY Indictment and in Count One of the DCC Indictment that the Defendant personally obtained, and all property involved in the offense charged in Count Two of the SDNY Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the SDNY Indictment and in Count One of the DCC Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the SDNY Indictment, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Jacob H. Gutwillig of counsel, and the Defendant, and his counsel, Thomas Nooter, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the SDNY Indictment and Count One of the DDC Indictment, to which the Defendant pled guilty, a money judgment in the amount of $130,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable in the offenses charged in Counts One and Two of the SNDY Indictment and Count One of the DDC Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, ELKIN OVIDIO POSADA-HINCAPIE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     6/1/23
JACOB H. GUTWILLIG                       DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2215

ELKIN OVIDIO POSADA-HINCAPIE

By: _____     6-1-2023
ELKIN OVIDIO POSADA-HINCAPIE             DATE

By: _____     6-1-2023
THOMAS NOOTER, ESQ.                      DATE
Attorney for Defendant
75 Maiden Lane, Suite 503
New York, NY 10038

SO ORDERED:

_____          6/1/23
HONORABLE JESSE M. FURMAN                DATE
UNITED STATES DISTRICT JUDGE